IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:19 CR 278 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| JAMAAR J. KIMBLE, | ) | GOVERNMENT'S RESPONSE |
| | ) | TO SENTENCING MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and David M. Toepfer, Assistant United States Attorney, submitting its response to Kimble's sentencing memorandum.

**MEMORANDUM**

I.  **FACTS**

The United States believes that the facts and circumstances of the case are accurately set forth in paragraphs eight through eleven of the PSR. (R. 25: PSR, PageID 164).

II.  **SENTENCING ISSUES**

A.  Objection to the Two-Point Enhancement Pursuant to U.S.S.G. § 2D1.1(b)(12).

The United States joins in Kimble's objection to this enhancement. U.S.S.G. § 2D1.1 applies when manufacturing or distributing a controlled substance is a "primary or principal"

use for the premises, albeit not the sole purpose. U.S.S.G. § 2D1.1, n. 17.  "In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes." Id.

In this case, the United States acknowledges that there is evidence that led the PSR writer to include the enhancement.  However, there is a factual dispute regarding whether the drug trade was a "primary or principal" use for Kimble's home.  Specifically, the United States does not have any evidence that Kimble (or anyone else) was selling drugs from the house or the length of time drugs were stored in the house.  As such, the parties negotiated a plea agreement to resolve the case without additional litigation on this issue.  As such, even if the Court should find that the PSR correctly attributed this enhancement, the Court should vary downward to honor the offense level negotiated in the plea agreement.

B. Firearms and Drugs Found in the Residence.

Kimble argues that the firearms found throughout the house were either old and untouched or not "ready at hand for use." (R. 27: Sentencing Memorandum, PageID 191).

One gun was found in a bedroom (Ex. 1) and another was found in a drawer near a pager (Ex. 2).  Additional guns were found in a blue suitcase Kimble refers to in his sentencing memo. (R. 27: Sentencing Memorandum, PageID 191).  This same suitcase contained sealed bags of marijuana (Ex. 4) and each of the guns had an extended magazine. (Ex. 5).  One magazine was a drum-style magazine that was clearly loaded with bullets. (Ex. 3).

The number of firearms involved in this case and the obvious danger they posed when possessed in connection with drug trafficking activities is therefore a significant and important factor for the Court to consider under 18 U.S.C. § 3553(e).

In addition, Kimble has asked this Court for a substantial downward variance. The facts and circumstances of this case do not justify it. Kimble possessed over six kilograms of marijuana, eight firearms (several of which had extended magazines) and all the tools necessary to engage in substantial drug trafficking activities. (R. 23: Plea Agreement, PageID 130-31). He also attempted to possess over five kilograms of cocaine and would have succeeded, but for law enforcement intervention. (Id.) While his criminal history category is II, it is punctuated with prior drug offenses and offenses of violence. (R. 25: PSR, PageId 167-68). In light of this, a Guideline sentence is appropriate.

C. Kimble Should Remain in Custody While Awaiting a Designation from BOP.

The United States opposes Kimble's request to release him from custody and permit self-surrender. 18 U.S.C. § 3143(a) requires the Court to detain Kimble while he is awaiting the execution of a sentence unless there is clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person in the community.

In this case, Kimble is facing a substantial prison sentence, which makes flight preferable to appearing. In addition, Kimble's demonstrated ability to obtain firearms with extended magazines and prior convictions for Assault show that he would be a danger to the community if released while awaiting a designation from the BOP. Apart from the age of the case and Kimble's frustration with the facilities where he is being held, he has failed to present any evidence, let alone clear and convincing evidence, that he is not a risk of flight or danger to the community.

**III. CONCLUSION**

    For the reasons set forth above, the United States asks the Court to honor the plea agreement, impose a Guideline sentence in accordance with the plea agreement, and order that Kimble remain detained pending the execution of his sentence.

                                      Respectfully submitted,

                                      JUSTIN E. HERDMAN
                                      United States Attorney

By:    /s/ David M. Toepfer_____
         David M, Toepfer (OH: 0068008)
         Assistant United States Attorney
         100 E. Federal Street,
         City Centre One, Suite 325
         Youngstown, OH 44503
         (330) 740-6986
         (330) 746-0239 (facsimile)
         David.Toepfer@usdoj,gov