# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **CASE NO: 4:19CR278** |
| ) | |
| **v.** ) | **Judge Dan Aaron Polster** |
| ) | |
| **JAMAAR KIMBLE,** ) | **OPINION AND ORDER** |
| ) | |
| **Defendant.** ) | |
| ) | |

Before the Court is Defendant Jamaar Kimble's Motion to Reconsider Request for Self-Surrender In Light of COVID. Doc #: 34. For the following reasons, Kimble's Motion, **Doc #: 34**, is **DENIED**.

## BACKGROUND

On November 14, 2019, Kimble pleaded guilty to attempting to commit a drug offense and possessing a firearm in connection with a drug offense. Doc. #: 23. The Court later sentenced Kimble to 93 months in prison. Doc. #: 31. Kimble is being held at the Northeast Ohio Correctional Center in Youngstown, Ohio ("NEOCC") and awaiting transport to the correctional facility designated by the Bureau of Prisons. Doc. #: 34 at 1.

## ANALYSIS

Kimble requests that he be released from NEOCC and allowed to self-surrender to the designated BOP facility. Doc #: 34 at 2. A court must detain a person pending execution of a sentence unless the court finds "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a). The

1

defendant bears the burden of establishing that they will not flee or pose a danger to any other person or the community. Fed. R. Crim. P. 46(c).

Kimble makes his request for release due to COVID-19. Doc #: 34 at 1. He asserts he suffers from cardiovascular issues that make him more susceptible to COVID-19 and pose greater risk to him if he contracts COVID-19. *Id.* While the Court recognizes the severity of COVID-19 and the legitimacy of the fears it inspires, Kimble fails to show how COVID-19 establishes that he will not flee or pose a danger to any other person or to the community. Moreover, to date there are no known cases of COVID-19 at NEOCC, and no inmates or detainees have been symptomatic or required quarantine. Kimble fails to argue or show that he is at greater risk at NEOCC than he will be on release into the general population or at the undesignated BOP facility.

Accordingly, Kimble has failed to satisfy his burden and his Motion to Reconsider, **Doc #: 34**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster April 14, 2020*
**Dan Aaron Polster**
**United States District Judge**