UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 19-CR-00278** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **JAMAAR J. KIMBLE,** ) | |
| ) | |
| **Defendant.** ) | |

Before the Court is Defendant Jamaar J . Kimble's Motion for Compassionate Release, Doc #: 38. Kimble moves for relief because he is concerned about contracting COVID-19 in the prison where he is held. Doc #: 38. For the following reason, the Motion is *sua sponte* dismissed without prejudice.

The statute authorizing compassionate release, 18 U.S.C. § 3582(c)(1), contains an exhaustion requirement. This exhaustion requirement mandates that a defendant first ask the Bureau of Prisons ("BOP") to bring a motion for compassionate release on his or her behalf. 18 U.S.C. § 3582(c)(1). Thereafter, a defendant may file a motion for compassionate release in the district court only after:

> [T]he defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . 18 U.S.C. § 3582(c)(1)(A).

This exhaustion requirement is a mandatory claim-processing rule which must be enforced when properly invoked. *See United States v. Alam*, 2020 U.S. App. LEXIS 17321, at

*5-6 (6th Cir. June 2, 2020). The rule is properly invoked when the government timely raises it, but courts may enforce the exhaustion requirement sua sponte. *See United States v. Gayton-Garza*, 652 F.3d 680, 681 (6th Cir. 2011); *see also United States v. Jones*, No. 1:16 CR 344, Doc #: 64 at 2 (N.D. Ohio Jun. 9, 2020) (Polster, J.). Kimble in his pending Motion states that he did not submit a request for compassionate release to the Warden at his facility.

Kimble may file a motion for compassionate release once he has presented his request to the warden of his facility and either (1) he has exhausted all administrative rights to appeal the failure of the BOP to bring a motion on his behalf, or (2) 30 days pass from the day the warden received his request. This ruling acknowledges that the BOP is in the best position to know its inmates' medical conditions, the condition of its prisons, and the remedial actions taken. If the BOP's review is unsatisfactory, the longest a defendant has to wait before filing his motion in the district court is 30 days after the warden receives it. Accordingly, Kimble's Motion for Compassionate Release, Doc #: 38, is *sua sponte* dismissed without prejudice.

**IT IS SO ORDERED.**

<u>*/s/Dan Aaron Polster November 9, 2020*</u>
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**