**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | **CASE NO.: 4:19-CR-278** |
| **v.** | ) | **JUDGE DAN A. POLSTER** |
| **JAMAAR KIMBLE,** | ) | |
| **Defendant.** | ) | **OPINION AND ORDER** |

Before the Court is Defendant Jamaar Kimble's Motion for Compassionate Release. ECF Doc. 42. For the following reasons, Kimble's Motion is **DENIED**.

## I. Background

Jamaar Kimble was indicted on May 8, 2019 for three drug offenses, as well as possession of a firearm in furtherance of a drug trafficking crime. ECF Doc. 1. On November 14, 2019, Kimble pled guilty to one count of attempted possession with the intent to distribute cocaine and one count of possession of a firearm in furtherance of a drug trafficking crime. ECF Doc. 23. On March 5, 2020, the Court sentenced Kimble to 93 months in prison. ECF Doc. 31. Kimble is currently incarcerated at the Federal Correctional Institution (FCI) Loretto with a release date of March 6, 2026. ECF Doc. 42.[1]

On February 10, 2021, Kimble filed this Motion for Compassionate Release with the Court. ECF Doc. 42. Kimble is 39 years old and has documented medical conditions of heart murmur and hypertension. ECF Doc. 42. Based on the presence of these conditions in the context of the ongoing COVID-19 pandemic, Kimble is petitioning the Court to grant compassionate release. On February

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited March 9, 2021).

12, 2021, the Government filed a response in opposition to Kimble's Motion. ECF Doc. 43. Kimble did not file a reply brief.

## II. Discussion[2]

Compassionate release is authorized by statute, 18 U.S.C. § 3582(c)(1). When a defendant is younger than 70 years old and has served fewer than 30 years in prison, two requirements must be met before the Court may grant a sentence modification. 18 U.S.C. § 3582(c)(1). The court must find: (A) extraordinary and compelling reasons warrant sentence reduction and (B) the reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors, "to the extent that they are applicable." *Id.*

### A. Extraordinary and Compelling Reasons

In determining whether "extraordinary and compelling reasons" for compassionate release exist, the Court examines: (1) whether the defendant has a high risk of complications from contracting COVID-19 and (2) whether the prison where the defendant is incarcerated is experiencing a severe COVID-19 outbreak. *See United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5-6 (N.D. Ohio Apr. 7, 2020); *see also United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *19 (6th Cir. Nov. 20, 2020) (finding that district courts have full discretion to decide when "extraordinary and compelling reasons" justify sentence modification as long as the Sentencing Commission has not updated § 1B1.13 to reflect the First Step Act).

Kimble alleges that his documented medical conditions of hypertension and heart murmur put him at high risk of serious complications should he contract COVID-19. ECF Doc. 42. The

[2] Before filing a motion for compassionate release, a defendant must satisfy 18 U.S.C. §3582(c)(1)(A)(i)'s exhaustion requirement. In the present case, it is undisputed that Kimble fully exhausted all administrative remedies before filing his Motion with the Court. Therefore, the Court moves directly to the merits.

Centers for Disease Control ("CDC") has established two categories of medical conditions linked with increased risk of serious COVID-19 outcomes. *See United States v. Elias*, No. 20-3654, 2021 U.S. App. WL 50169, at *521 (6th Cir. Jan. 6, 2021) ("[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions"). The first category pertains to medical conditions that, when present, definitely lead to increased risk of serious COVID-19 outcomes.[3] Neither heart murmur nor hypertension is listed within this first category. *Id*. The second category pertains to medical conditions that, when present, may lead to increased risk. *Id*. Hypertension is located on this second list. *Id*. As for Kimble's heart murmur, the CDC has recognized that certain heart conditions can place a person at an increased risk. *Id*. Notably, a heart murmur is not one of the heart conditions that the CDC identifies. However, the Court finds that considering both Kimble's heart murmur and hypertension, and the fact that the CDC's list of underlying medical conditions is not exhausting[4], Kimble satisfies the first prong of the "extraordinary and compelling reasons" test.

However, Kimble's Motion fails on the second prong of the "extraordinary and compelling reasons" test. At present, zero inmates at FCI Loretto have positive cases of COVID-19.[5] While the facility has experienced a severe COVID-19 outbreak in the past, with 700 positive inmate cases over the course of the pandemic, FCI Loretto has clearly taken aggressive steps to reduce cases and prevent further outbreaks. *Id*. While the Court recognizes Kimble's fears of contracting COVID-19 as legitimate, the existence of the pandemic alone is not enough to authorize the Court

[3] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (Mar. 9, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[4] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (Mar. 9, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html ("The below list of underlying medical conditions is not exhaustive and only includes conditions with sufficient evidence to draw conclusions").
[5]Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last accessed Mar. 9, 2021).

to grant compassionate release. *See United States v. Carr,* No. 20-5784, 2020 U.S. App. LEXIS 33773, at *5 (6th Cir. Oct. 26, 2020) (citing "that the existence of Covid-19 and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release") (other citations and quotes omitted).

**B. 18 U.S.C. § 3553(a) Factors**

Even if Kimble had established an "extraordinary and compelling reason" for a sentence reduction, compassionate release is inappropriate considering the sentencing factors listed in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh, including: the nature and circumstances of the offense as well as the defendant's history and characteristics; the need for the sentence; the types of sentences available; the sentencing range; any pertinent policy statement; the need to avoid sentence disparities among similar defendants; and the need to provide restitution to victims. 18 U.S.C. § 3553(a). These factors are initially considered during sentencing. In deliberating a motion for compassionate release, the Court must consider whether the factors support a sentence modification. 18 U.S.C. § 3582(c)(1).

Kimble was sentenced to 93 months in prison in March 2020. ECF Doc. 31. To date, he has served only 12 months and has over 6 years remaining in his sentence. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (noting that several § 3553(a) factors "permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Further, Kimble pled guilty to two very serious drug trafficking and firearms offenses, involving multiple firearms, 5,015.5 grams of cocaine, and 6,922 grams of marijuana. *See* ECF Doc. 23. Given the nature of Kimble's offenses, a reduction in sentence is not appropriate at this time. *See United States v. Relliford,* No. 20-3868, 2021 U.S. App. LEXIS 5188, at *2-3 (6th Cir Feb. 22, 2021) (finding that the district court properly considered the § 3553(a) factors when

looking at the seriousness of the offense as well as the amount of time remaining on the defendant's sentence). The Court also notes that Kimble has a lengthy criminal history, with numerous offenses committed over 20 years. ECF Doc. 43. For these reasons, the § 3553(a) factors weigh against granting Kimble's Motion for Compassionate Release.

## III. Conclusion

For the above reasons, Jamaar Kimble's Motion for Compassionate Release (ECF Doc. 42) is hereby **DENIED.**

**IT IS SO ORDERED.**

***/s/ Dan Aaron Polster March 9, 2021___***
**Dan Aaron Polster**
**United States District Judge**